UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA R. BRADLEY,

    Plaintiff,

Case No. 2:14-cv-14138

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                               /

**ORDER OVERRULING OBJECTIONS** (document
no. 17), **ADOPTING REPORT AND RECOMMENDATION**
(document no. 16), **DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT** (document no. 12), **AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 15)

Plaintiff Samantha R. Bradley ("Bradley") brought this action against the Commissioner of Social Security ("Commissioner") after the Social Security Administration denied disability benefits. Compl., ECF No. 1. After an initial denial, Bradley had a hearing before an Administrative Law Judge ("ALJ") that also resulted in denial. Bradley brought suit after the Appeals Council denied review of the ALJ's decision. *Id.* at 2. The Court referred the matter to a Magistrate Judge, and both parties filed cross-motions for summary judgment. ECF Nos. 12, 15. The Magistrate Judge filed his Report and Recommendation ("Report") on November 13, 2015, and recommended that the Court deny Bradley's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. Report, ECF No. 16. Bradley timely filed objections to the Report, ECF No. 17.

**BACKGROUND**

The Report properly details the events giving rise to Bradley's action against the Commissioner. Report 2–11, ECF No. 16. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A District Court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

**DISCUSSION**

Bradley objects to the Report on three grounds. First, she claims that the Magistrate Judge "erred in finding that the ALJ's decision was supported by substantial evidence." Obj. 1, ECF No. 17. Second, Bradley claims the Magistrate Judge also erred when "he relied on [the] ALJ's assessment of [her] mental state." *Id.* at 2. Third, Bradley argues that the Magistrate Judge erred "when he ignored medical evidence showing disability in favor of the ALJ's own conclusions." *Id.* at 5. As an initial matter, the substance of much of Bradley's objections already appeared in her motion for summary judgment, and were addressed thoroughly in the Report. Even so, the Court has carefully reviewed each objection, but finds no grounds on which to sustain any.

I. Substantial Evidence

Bradley alleges that the ALJ and Magistrate Judge "misconstrued" certain evidence and overlooked other evidence, that resulted in an inaccurate Residual Functional Capacity ("RFC") score. *Id.* at 2. Specifically, Bradley objects to the ALJ finding she had an RFC for "medium, unskilled work" with limitations in light of Bradley's mental conditions, when Bradley believes the ALJ should have found that she was disabled. Under the standard of review explicated above, the ALJ would have to rely on substantial evidence to support her position. The Magistrate Judge found that the ALJ indeed had substantial evidence to support the ruling, and the Court agrees. Both the ALJ and the Magistrate thoroughly documented Bradley's physical and mental health concerns. The ALJ discounted some of Bradley's claims of limitation, based on inconsistency with the record and within her own statements. Report 10, ECF No. 16. Based on her review of all the evidence, the ALJ

3

determined that Bradley's condition did not meet or equate to one of the impairments required by disability law. Report 9, ECF No. 16.

In reaching the decision, the ALJ noted that Bradley's claims of disabling mental limitation were undermined by (1) her ability to work previous jobs, (2) care for her family, (3) keep her children on a schedule, and (4) drive, among other day-to-day activities. *Id.* at 17. It is appropriate for an ALJ to discount a petitioner's credibility when testimony and medical evidence contradict the allegations. *Walters v. Comm'r Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The factors constitute substantial evidence, and the Court will not overturn the ALJ's decision on the grounds that such evidence was lacking. As the Magistrate Judge stated, the decision "should not be read to triviliaze Plaintiff's limitations." *Id.* at 18. That said, "the ALJ's determination that Plaintiff is capable of unskilled medium work is well within the "zone of choice" accorded to the fact-finder at the administrative hearing level and should not be disturbed by this Court." *Id.* (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

II. The ALJ's Assessment of Mental State

Bradley disagrees with the ALJ's determination that she could perform medium unskilled work (with only occasional interaction with superiors and none with coworkers or the public) in light of her mental disorders. Obj. 3, ECF No. 17. The record shows that the ALJ considered the relevant evidence in reaching the RFC determination. Most importantly, the ALJ based the RFC's psychological limitations on the opinion of psychologist Ron Marshall, Ph.D.'s review of Bradley's mental health records. Dr. Marshall opined that Bradley "did not experience significant limitations in understanding, remembering, or carrying out simple instructions" and could perform rote tasks. Tr. 36, 96, ECF Nos. 8-2,

4

8-3. Bradley's objection is, in essence, that she disagrees with the ALJ's conclusion. But the Magistrate Judge did not err by accepting the ALJ's RFC, and the Court will not sustain the objection.

III.  Medical Evidence of Disability

Finally, Bradley objects to the ALJ's giving little weight to a physician's consultative opinion. Obj. 5–6, ECF No. 17. As the Magistrate Judge noted, the physician was a one-time consultative examiner, rather than a treating source, and therefore the opinion was "entitled to no special degree of deference." Report 13, ECF No. 16, citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). The ALJ discussed the consultative physician's opinion, and when weighing it against the other evidence, determined that other evidence weighed against the opinion. Parts of Bradley's own testimony, her husband's report, and other evidence (including Dr. Marshall's opinion) were contrary to finding of disability, and constituted substantial evidence. For this reason, Bradley's final objection is also overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiff's Objections (document no. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 16) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (document no. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment (document no. 15) is **GRANTED**.

**SO ORDERED**.

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: December 8, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2015, by electronic and/or ordinary mail.

          s/Carol Cohron
          Case Manager